**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X        **Case No. 7:19-cv-03617(KMK)(LMS)**

DESA EMANUEL and LACRENA TAYLOR,

Plaintiffs,

- against -

**STIPULATION AND ORDER**
**REGARDING CONFIDENTIAL**
**INFORMATION**

GAP, INC., BANANA REPUBLIC, LLC, as well as
MICHELLE RUSSO, TONI LYNN BOROWSKI
and GREGOIRE JEAN-LOUIS, *Individually*,

Defendants.

------------------------------------------------------------------X

      The following provisions shall govern the exchange of confidential information in this matter:

      1.    Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Such a determination must be reasonable. Information and documents designated as confidential are to be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "Confidential Information."

      2.    Unless ordered by the Court or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action. The Plaintiff and Defendants may freely use the Confidential documents within the course of this litigation in order to litigate the claims at issue subject to the terms herein.

      3.    In the event that a party challenges another party's designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable laws and court rules.

      4.    Information or documents designated as "Confidential" shall not be disclosed to any person except:

          a.    The requesting party/parties and counsel, including in-house counsel;
          b.    Named witnesses identified through discovery and in the Complaint;
          c.    Employees of such counsel assigned to and necessary to assist in the litigation;

I

d.      The Court (including the clerk, court reporter or stenographer, or other person having access to Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.

e.      Subject to the condition set forth in Paragraph 6 below: consultants or experts in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

f.      Subject to the condition set forth in Paragraph 6 below: any person from who testimony is taken or is to be taken in this action, except that such a person may only be shown Confidential Information during and in preparation for. his/her testimony and may not retain the Confidential Information; and

5.      Prior to disclosing or displaying Confidential Information to any person, counsel shall:

a.      inform the person of the confidential nature of the information or documents;

b.      inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6.      The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(e) and (f) only on condition that prior to any such display each person must sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event that such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

7.      Prior to filing any document marked by the opposing party as "CONFIDENTIAL," the non-producing party shall notify the producing party of the confidential documents it intends to file with the Court at least ten (10) calendar days in advance of the filing. The producing party shall advise the non-producing party within seven (7) calendar days whether it objects to that filing and believes that the documents should be filed under seal. This schedule shall apply unless the timeframe for the particular motion makes this timing unfeasible, in which case the parties shall confer to determine an appropriate timeframe.

8.      If the non-producing party still intends to file the documents with the Court, the producing party shall file a request with the Court, in accordance with the Court's rules, to have such documents or information filed under seal. No documents or information filed under seal shall be made available to third parties or the public, except by further order of this Court, a subsequent written agreement executed by the Parties or in accordance with the terms of this Order.

9.      In the event that a party's motion to file under seal is still pending while a Court ordered motion deadline (e.g., a summary judgment filing deadline) approaches, the parties agree to refrain from filing publicly the disputed exhibits as part of their motion filing and instead identify the exhibits by their respective bates number(s). The parties may include the disputed

2

exhibits in their courtesy copy to the Court, noting in a cover letter that the exhibits were not filed publicly because they are the subject of a pending motion to file under seal.

10. Should this matter proceed to trial, the parties agree to meet-and-confer to discuss the confidentiality of documents to be used as exhibits during trial, and further discuss those issues with the Court at the final pre-trial conference.

11. At the conclusion of the litigation, the Confidential Information and any copies thereof shall be promptly (and in no event no later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that such files will remain confidential.

## CLAWBACK PROVISION PURSUANT TO FRE 502(b), 502(d) AND 502(e)

The Parties hereby AGREE, and the Court hereby ORDERS pursuant to Federal Rules of Evidence 502(d) and (e), as follows:

The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a party receiving the Documents (the "Receiving Party"), shall in no way constitute the voluntary disclosure of such Document.

12. The inadvertent disclosure or production of any Document in this Action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

13. If, during the course of this litigation, a Party reasonably determines that any Document produced by another Party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

(a) the Receiving Party shall: (i) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (ii) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (iii) specifically identify the Protected Documents by Bates number range or hash value, and, (iv) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

3

(b)     If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(c)     No Receiving Party has an obligation to affirmatively search for documents that could be reasonably classified as a Protected Document when reviewing documents produced by the Producing Party, but should the Receiving Party come across any documents the Receiving Party knows with reasonable certainty is a Protected Document, disclosure is required under this provision.

14.     If, during the course of this litigation, a Party determines it has produced a Protected Document:

(a)     The Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(b)     The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

15.     To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party, then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the

4

Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

16. The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

(a) the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

(b) the disclosure of the Protected Documents was not inadvertent;

(c) the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

(d) the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

17. Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order.

18. Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order. The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

19. By operation of the Parties' agreement and Court Order, the parties are specifically afforded the protections of Federal Rules of Evidence 502(d) and (e).

20. The foregoing is without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this order. This Order may be enforced by any party

Once executed by all Parties, the Order shall be by treated by the Parties as an Order of Court until it is formally approved by the Court.

Dated: October ___, 2019

**PHILLIPS & ASSOCIATES,**
**ATTORNEYS AT LAW, PLLC**
*Attorneys for Plaintiff*

By: _____

Parisis G. Filippatos, Esq.
Erica R. Sanders, Esq.
45 Broadway, Suite 620
New York, New York 10006
T: (212) 248 – 7431
F: (212) 901 - 2107
pfilippatos@tpglaws.com
esanders@tpglaws.com

**LITTLER MENDELSON, P.C.**
*Attorneys for Defendants*

By: _____

Jean L. Schmidt, Esq.
Thelma Akpan, Esq.
900 Third Avenue
New York, New York 10022-3298
T: (212) 583-9600
F: (212) 832-2719
jschmidt@littler.com
takpan@littler.com

So Ordered:

_____
UNITED STATES DISTRICT JUDGE

2/12/20

## **EXHIBIT A**

       I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Desa Emanuel and Lacrena Taylor v. Gap, Inc., Banana Republic, LLC, as well as Michelle Russo, Toni Lynn Borowski and Gregoire Jean-Louis, Individually,* Civil Action No. 7:19-cv-03617(KMK)(LMS), have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

       I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _____, 20___


_____
**NAME**