UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DESA EMANUEL and LACRENA
TAYLOR,

                          Plaintiffs,            **MEMORANDUM OPINION**
v.                                                   **AND ORDER**

GAP, INC., et al.,                                  19-CV-3617 (PMH)

                         Defendants.
-----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

On August 10, 2020, Magistrate Judge Lisa M. Smith issued an oral discovery ruling (the "Aug. 10 Order") regarding the scope of discovery related to the possible spoliation of evidence. (Doc. 98, "Aug. 10 Tr.").[1] On September 9, 2020, Plaintiffs filed an Objection to the Order pursuant to Federal Rule of Civil Procedure 72. (Doc. 92).[2] Plaintiffs argue that the Aug. 10 Order "was clearly erroneous because it unfairly prejudiced Plaintiffs' ability to obtain the necessary discovery prior to making a complete spoliation motion as directed by this Court." (Doc. 93, "Pl. Br." at 1). On September 21, 2020, Defendants filed their opposition brief (Doc. 96, "Defs. Br."), and on September 28, 2020, Plaintiffs filed their reply (Doc. 99, "Reply Br.").

For the reasons set forth below, the Court affirms Judge Smith's Aug. 10 Order.

## BACKGROUND

---

[1] The moving papers refer to the Aug. 10 Order as the August 17, 2020 Order. However, Judge Smith held a conference on August 10, 2020 during which she ruled orally on the parties' discovery dispute. It appears that the Minute Entry associated with the August 10 Conference was entered on ECF on August 17, 2020. (See Aug. 10, 2020 Min. Entry). For clarity and consistency, the Court refers to the relevant Order challenged by Plaintiffs as the Aug. 10 Order.

[2] Plaintiffs were granted an extension of time until September 9, 2020 to file their Objection to the Aug. 10 Order. (Doc. 91). Therefore, the timing requirement of Rule 72(a), which requires that a party objecting to the ruling of a magistrate judge file their objection within 14 days, is excused.

1

On March 5, 2020, Plaintiffs filed a pre-motion conference letter in anticipation of moving for sanctions pursuant to Federal Rule of Civil Procedure 37 in connection with Defendants' alleged spoliation of Electronically Stored Information ("ESI"). (Doc. 50). Defendants opposed Plaintiffs' pre-motion conference letter (Doc. 53) and Plaintiffs filed a reply thereto (Doc. 57). The Court then held a pre-motion conference on May 21, 2020 (the "May 21 Conference"). The parties' dispute largely centered around whether phones and/or computers possessed by two individuals—Ms. Russo and Ms. Borowski—were not properly preserved for discovery purposes in this action. (*See generally* Doc. 94-3, "May 21 Tr."). The Court denied Plaintiffs' request to move for sanctions without prejudice to renew the request after the parties engaged in additional discovery. (*Id.* at 10:2-13:20). The Court noted further that the case had been referred to Magistrate Judge Smith on October 22, 2019 for all pre-trial purposes and, therefore, the Court would not "inject[] [it]self in the discovery process when [its] predecessor directed that Judge Smith handle those issues." (*Id.* 17:9-10).[3]

Thereafter, the parties continued to engage in discovery, and on July 17, 2020 and July 21, 2020 respectively, the parties filed letters regarding a discovery dispute related to the scope of spoliation-related discovery. (Docs. 84, 85). Specifically, Plaintiffs asserted that Defendants had only agreed to produce limited spoliation-related discovery for two of nine identified custodians and that Defendants' position was "contrary to the Court's clear mandate." (Doc. 84 at 2). Defendants argued that Plaintiffs' requests were overbroad and sought irrelevant information. (Doc. 85 at 1). On July 22, 2020, Judge Smith held a status conference (the "July 22 Conference") to address the dispute. (Doc. 98, Tr. of July 22, 2020 Conference, "July 22 Tr."). Judge Smith denied Plaintiffs' application for additional spoliation-related discovery without prejudice and directed Plaintiffs to file a letter which provided (1) additional information about

---

[3] Judge Kenneth M. Karas presided over this case until it was reassigned to me on April 16, 2020.

the nine proposed custodians, specifically "what positions they hold or how they are involved in this case" and (2) Plaintiffs' proposed search terms. (*Id.* at 15:2-8).

On July 23, 2020, Plaintiffs filed their letter and on July 29, 2020, Defendants filed their response. (Docs. 86, 89). Judge Smith held another conference on August 10, 2020 (the "August 10 Conference"). Judge Smith ruled orally on the pending discovery dispute (Doc. 94-8, "Aug. 10 Tr."), and limited the discovery related to Ms. Russo and Ms. Borowski's devices, found that she was "not going to allow a fishing expedition," and declined to permit spoliation-related discovery for any custodians other than Ms. Russo and Ms. Borowski. (*Id.* at 20:4-17, 21:11-13, 25:10-16). As to one proposed custodian, Mr. Latter, Judge Smith found that there was "no reason to believe that Mr. Latter's information was . . . known to be relevant to this litigation prior to any wiping or destruction of his records." (*Id.* at 21:5-9).

Plaintiffs' Rule 72 Application asks this Court to modify or reject the Aug. 10 Order.

## **STANDARD OR REVIEW**

Magistrate Judge Smith's decision on the parties' discovery dispute was non-dispositive. *See U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, No. 04-CV-6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007) ("Discovery matters are generally considered non-dispositive of litigation."). Federal Rule of Civil Procedure 72 permits a party to file objections to a non-dispositive decision of a magistrate judge. Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* "An order is clearly erroneous only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Rivera v. Hudson Valley Hosp. Grp., Inc.*, No. 17-CV-5636, 2019 WL 3955539, at *2 (S.D.N.Y. Aug. 22, 2019) (quoting *Khaldei v. Kaspiev*, 961 F. Supp. 2d 572, 575 (S.D.N.Y.

2013)). A decision is "contrary to law if it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quoting *Khaldei*, 961 F. Supp. 2d at 575). A magistrate judge's "rulings on discovery matters are entitled to substantial deference," and, therefore, "[t]he party seeking to overturn a magistrate judge's decision . . . carries a heavy burden." *U2 Home Entm't, Inc.*, 2007 WL 2327068, at *1.

## ANALYSIS

The gravamen of Plaintiff's Rule 72 Application is that the Aug. 10 Order limiting spoliation-related discovery contravenes this Court's directives as expressed during the May 21 Conference and thus constitutes clear error. A review of the letters submitted by the parties to Judge Smith, including the exhibits attached thereto, as well as the transcripts from the July 22 Conference and the August 10 Conference reveals that Judge Smith engaged in a thorough and careful process in denying Plaintiffs additional spoliation-related discovery. Thus, because the Aug. 10 Order is not clearly erroneous or contrary to law, the Court denies Plaintiffs' Rule 72 Application.

First, Plaintiffs argue that it was clear error for Judge Smith to deprive Plaintiffs of the opportunity to conduct additional discovery of Ms. Russo and Ms. Borowski's devices. (Pl. Br. at 7-8). Prior to the August 10 Conference, Plaintiffs submitted a chart which included four categories of proposed search terms: "Data/Devices Search Terms," "Preservation Search Terms," "Spoliation Search Terms," and "Litigation Search Terms." (Doc. 86-3). The Aug. 10 Order directed Defendants to apply the "Preservation" and "Spoliation" search terms to Ms. Russo and Ms. Borowski's devices, but denied Plaintiffs' request that Defendants apply the "Data/Devices" and "Litigation" search terms because those terms were "far too broad" and application of the additional terms would be "extraordinarily expensive." (Aug. 10 Tr. at 25:10-

4

16). Plaintiffs have not pointed to any case law which establishes that Judge Smith's decision was clear error, and this Court agrees with Judge Smith that many of Plaintiffs' proposed search terms are overbroad. (*See* Doc. 86-3 (identifying as proposed search terms, *inter alia*, "data," "computer!," "texts," "suit," "action")). Judge Smith's determination that only certain categories of proposed search terms were relevant and tailored to the spoliation issue was well-reasoned.

A magistrate judge overseeing discovery is granted broad discretion to manage the discovery process, including determinations regarding which search terms a party should apply. *See Moore v. Publicis Groupe SA*, No. 11-CV-1279, 2012 WL 1446534, at *2 (S.D.N.Y. Apr. 26, 2012) (denying Rule 72 application challenging the magistrate judge's implementation of an ESI discovery protocol). Plaintiffs have failed to satisfy the heavy burden of establishing that Judge Smith's determination regarding which search terms to apply to Ms. Russo and Ms. Borowski's devices was clear error.

Next, Plaintiffs argue that Judge Smith should have permitted spoliation-related discovery of seven additional custodians. (Pl. Br. at 8-9). After the July 22 Conference, Judge Smith gave Plaintiffs an opportunity to provide additional information about the custodians from whom Plaintiffs sought documents and specifically asked Plaintiffs to demonstrate "what positions [the custodians] hold or how they are involved in this case." (July 22 Tr. at 15:2-8). After reviewing Plaintiffs' submission—which asserts that only three custodians were directly linked to "known spoliation": Ms. Russo, Ms. Borowski, and Mr. Latter (Doc. 86-2)—Judge Smith found that there was "nothing . . . that would lead me to believe that [the custodians other than Ms. Russo, Ms. Borowski, and Mr. Latter] had anything to do with spoliation" and that to permit additional spoliation-related discovery would amount to a "fishing expedition." (Aug. 10 Tr. at 9-12). As to Mr. Latter, Judge Smith found that Plaintiffs' arguments regarding Mr.

Latter's alleged spoliation were "exceedingly misleading" (*id.* at 5:21) and that, in any event, Plaintiffs had failed to demonstrate that "Mr. Latter's information was, A, unique, B, directly relevant to any of the issues here or . . . C, known to be relevant to this litigation prior to any wiping or destruction of his records." (*Id.* at 21:6-9). The Court finds no clear error in Judge Smith's well-reasoned finding. Judge Smith concluded that the other custodians "had nothing to do with [the] spoliation" and Plaintiffs have not made the requisite showing that this determination was erroneous.

Additionally, Plaintiffs argue that the Court should direct Defendants to provide Plaintiffs with a hit report of searches for these additional custodians. (Pl. Br. at 9). The Court will not direct that Defendants provide Plaintiffs with a hit report as Plaintiffs have pointed to no case law that establishes such a right, and the Court is aware of none.

This Court referred this matter to Judge Smith for all pre-trial matters, including discovery. Thus, it is inappropriate and unnecessary for the Court to be involved in this dispute. Judge Smith did not contravene this Court's directives and engaged in a thorough and careful review of the issues related to the scope of spoliation-discovery. It simply cannot be said that the Court is "left with the definite and firm conviction that a mistake has been committed." *Rivera*, 2019 WL 3955539, at *2 (quoting *Khaldei*, 961 F. Supp. 2d at 575). Accordingly, Plaintiffs' Rule 72 Application is denied in its entirety.[4]

---

[4] In reply, Plaintiffs assert for the first time that Defendants "refused to produce a 30(b)(6) witness regarding Defendants' policies and procedures related to company computers, cell phones and any other electronic devices on the grounds that it exceeded the scope of the spoliation [sic] discovery ordered by the Court." (Pl. Reply at 6). To the extent Plaintiffs raise discovery disputes that have not yet been subject to determination by the magistrate judge, it is neither appropriate nor proper for the Court to resolve such disputes. *See Rodriguez v. Pataki*, 293 F. Supp. 2d 313, 315 (S.D.N.Y. 2003) (denying portion of Rule 72 objections in which the parties requested rulings on issues not subject to the magistrate judge's order because "[t]he Court has referred all discovery disputes in this case to [the magistrate judge] and he is in the best position to review them in the first instance."); *see also Verint Sys. Inc. v. Red Box Recorders Ltd.*, 183 F. Supp. 3d 467, 472 (S.D.N.Y. 2016).

## **CONCLUSION**

Plaintiffs' request that the Court overrule Magistrate Judge Smith's Order is DENIED.

The Clerk is instructed to terminate the pending Motion (Doc. 92).

SO ORDERED.

Dated: New York, New York
       October 9, 2020

_____
Philip M. Halpern
United States District Judge