UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DESA EMANUEL, et al.,

                      Plaintiffs,

v.

GAP, INC., et al.

                      Defendants.
-----------------------------------------------------------X

**MEMORANDUM OPINION AND ORDER**

19-CV-03617 (PMH)

PHILIP M. HALPERN, United States District Judge:

Desa Emanuel ("Emanuel") and Lacrena Taylor ("Taylor," and with Emanuel, "Plaintiffs") bring this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981 ("§ 1981"), and New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296 *et seq.*, alleging that Gap, Inc. ("Gap"), Banana Republic, LLC ("Banana Republic," and with Gap, the "Corporate Defendants"),[1] Michelle Russo ("Russo"), Gregoire Jean-Louis ("Jean-Louis"), and Toni Lynn Borowski ("Borowski," and collectively, "Defendants") unlawfully terminated Plaintiffs.

Presently pending before the Court is Defendants' October 21, 2021 motion for summary judgment on all claims under Federal Rule of Civil Procedure 56. (Doc. 148; Doc. 149, "Def. Br."; Doc. 150; Doc. 151; Doc. 152; Doc. 153; Doc. 154; Doc. 156; Doc. 157; Doc. 158, "Pl. Br.;" Doc. 159; Doc. 160; Doc. 162; Doc. 163; Doc. 166). Defendants seek summary judgment primarily because they believe that Plaintiffs cannot make out a *prima facie* case of discrimination, Plaintiffs were terminated for legitimate non-discriminatory reasons, and there was no causal connection, for retaliation purposes, between a protected activity and termination.

For the reasons set forth below, Defendants' motion is DENIED WITHOUT PREJUDICE.

---

[1] Banana Republic is a wholly-owned subsidiary of Gap, which is a publicly held corporation. (Doc. 23).

**BACKGROUND**

The First Amended Complaint ("FAC"), dated May 8, 2020, alleges five claims for relief against one or more Defendants: (i) discrimination and retaliation under Title VII; (ii) discrimination and retaliation under § 1981; (iii) discrimination and retaliation under NYSHRL; (iv) aiding and abetting; and (v) defamation.[2] (Doc. 70, "FAC"). Emanuel was hired by the Corporate Defendants in March 2009, Taylor was hired by the Corporate Defendants in June 2017, both were terminated in March 2018, and each alleges their termination was in retaliation for engaging in a protected activity and on the basis of their race. (*Id.* ¶¶ 25, 34, 35, 42).

The parties submitted 286 pages of briefing and affidavits in connection with Defendants' motion for summary judgment.[3] This included, first, 57 pages of legal briefing, consisting of: Defendants' moving brief (Doc. 149 (24 pages)); Plaintiffs' opposition brief (Doc. 158 (23 pages)); and Defendants' reply brief (Doc. 159 (10 pages)). Defendants also submitted 80 pages of affidavits in support of the motion (Docs. 150-154; Doc. 160; Doc. 166), and Plaintiffs responded with 10 pages of opposing affidavits (Docs. 166-167). Next, the parties submitted 66 pages of Local Civil Rule 56.1 statements, consisting of: Defendants' Revised Rule 56.1 Statement with Plaintiffs' Responses (Doc. 136-1 (25 pages)); Plaintiffs' Rule 56.1 Counterstatement (Doc. 137-1 (10 pages)); and Defendants' Reply to Plaintiffs' Responses to Defendants' Revised Rule 56.1 Statement (Doc. 161 (31 pages)). Finally, the parties submitted 73 pages of evidentiary disputes covering Defendants' affidavits in support of their motion, consisting of: Plaintiffs' Evidentiary

---

[2] Plaintiff's first three claims for relief each allege two theories of liability—discrimination and retaliation—that ought to be raised as standalone claims for relief. *See Benson v. Westchester Med. Ctr.*, No. 20-CV-05076, 2022 WL 2702544, at *10 (S.D.N.Y. July 12, 2022) ("The third and sixth claims for relief—although generically labeled "discrimination" and concerning the ADA and Rehabilitation Act, respectively—identify, in a blunderbuss, immeasurably confusing pleading style, three separate theories of recovery. . . .").

[3] This was in addition to thousands of pages of deposition transcripts and documentary exhibits.

Objections (Doc. 157, Doc. 157-1 (30 pages)); and Defendants' Opposition to Plaintiffs' Evidentiary Objections (Doc. 162-1, Doc. 162-2 (43 pages)). The supplemental documentation submitted to the Court in the form of Local Civil Rule 56.1 statements, evidentiary objections, and affidavits outnumbers the pages of actual briefing by more than four to one.[4]

## ANALYSIS

Summary judgment motion practice before this Court is governed by rules set forth in three separate sources: (1) the Federal Rules of Civil Procedure; (2) the Local Civil Rules of the U.S. District Courts for the Southern and Eastern Districts of New York; and (3) this Court's Individual Practices.

Federal Rule of Civil Procedure 56(c)(1) instructs that "[a] party asserting that a fact cannot be or is genuinely disputed" for purposes of a motion for summary judgment:

> must support the assertion by (A) citing to particular parts of materials in the record . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A)-(B). Federal Rule of Civil Procedure 56(c)(2) advises that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that *would be* admissible in evidence." (emphasis added). Finally, Federal Rule of Civil Procedure 56(c)(4) provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that *would be* admissible in evidence, *and* show that the affiant or declarant is competent to testify on the matters stated." (emphasis added). The sum of these provisions is that "[t]he court may consider any material that would be admissible or

---

[4] This presentation style, and other variations thereof, occurs regularly in the summary judgment motion practice before this Court. By spotlighting in this particular case the difficulties created by this type of presentation, the hope is that the process will be improved.

usable at trial, although the opposing party may specifically object on the ground that the cited materials cannot be presented in a form that *would* be admissible in evidence." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 2721 (emphasis added).

As for the Local Civil Rules, when a party moves for summary judgment, their submissions are bound by the strictures imposed by Local Civil Rule 56.1. That rule provides, in pertinent part, that a litigant who seeks summary judgment must submit a "short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Civil Rule 56.1(a). Failure to comply with this requirement "may constitute grounds" for denying a motion for summary judgment. *Id*. A non-movant's response to such a statement must "include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional *material* facts as to which it is contended that there exists a genuine issue to be tried." Local Civil Rule 56.1(b) (emphasis added).[5] The Local Civil Rules require, of course, that "[e]ach statement by the movant or opponent . . . be followed by citation to evidence which *would* be admissible, set forth as required by" Federal Rule of Civil Procedure 56(c). Local Civil Rule 56.1(d) (emphasis added).

Finally, Rule 4(E)(iii) of this Court's Individuals Practices requires Local Civil Rule 56.1 statements to be "organized first by facts applicable to all claims for relief and then by claim(s) for

---

[5] The Court, in this case, encounters a "56.1 Counterstatement of 'disputed facts' consist[ing] largely of additional facts that Plaintiffs do not regard as disputed but rather believe to be helpful. Such a statement is not permitted under Local Rule 56.1." *Estevez v. Berkeley Coll*., No. 18-CV-10350, 2021 WL 3115452, at *11 (S.D.N.Y. July 19, 2021) (internal citation and quotation marks omitted); *see also Ostreicher v. Chase Bank USA, N.A*., No. 19-CV-08175, 2020 WL 6809059, at *1 n.1 (S.D.N.Y. Nov. 19, 2020) ("There is no provision for a responsive 56.1 Statement to include additional facts that are not in dispute but that a party opposing summary judgment simply thinks are important; any additional facts should be confined to material facts in dispute.").

relief or defenses (as applicable), setting forth the particular facts applicable to each." Rules 4(E)(iv) and (v) of this Court's Individual Practices direct that the Rule 56.1 Statement shall not exceed 25 double-spaced pages without prior permission of the Court and shall be produced as a single document including the non-moving parties' responses.

The parties have evidently disregarded the purpose of each of the above-cited rules and, in fact, created such an unworkable framework that the motion must be denied. The presentation errors include, *inter alia*: (i) the improperly submitted evidentiary dispute documents, which fail to consider the standard for admissibility of evidence on a summary judgment motion; and separately, (ii) the Local Civil Rule 56.1 statements, which fail to provide a usable statement of undisputed, material facts for the Court.

    I.    <u>Consideration of Admissible Evidence on a Summary Judgment Motion and the Parties' Evidentiary Disputes</u>

Under Federal Rule of Civil Procedure 56(c), only evidence that *would be admissible* at trial can be considered on a motion for summary judgment. *See Lyons v. Lancer Ins. Co.*, 681 F.3d 50, 57 (2d Cir. 2012) ("In ruling on a motion for summary judgment, the district court may rely on any material that would be admissible at a trial." (internal quotation marks omitted)). However, evidence need not be submitted in trial-admissible form on summary judgment, as long as it could be presented in that form at trial. *Jacobs v. New York City Dep't of Educ.*, 768 F. App'x 86, 88 (2d Cir. 2019) ("[M]aterial relied on at summary judgment need not be admissible in the form presented to the district court . . . so long as the evidence in question will be presented in admissible form at trial, it may be considered on summary judgment."). For example, affidavits "made on personal knowledge [by declarants] competent to testify on the matters stated" can be considered on summary judgment. Fed. R. Civ. P. 56(c)(4); *Payne v. Cornell Univ.*, No. 21-109, 2022 WL 453441, at *2 (2d Cir. Feb. 15, 2022). Similarly, documents submitted in support of summary

judgment may be considered if a competent custodian *would be* able to verify their authenticity at trial. *Jacobs* 768 F. App'x at 88 n.1. However, "[h]earsay *that would not be admissible at trial* is ...not competent evidence on a motion for summary judgment." *Ruffin v. Kirschenbaum & Phillips P.C.*, No. 20-CV-05422, 2022 WL 704943, at *3 (S.D.N.Y. Mar. 9, 2022) (emphasis added).

With respect to Plaintiffs' evidentiary objections and Defendants' responses, if the disputes actually involved whether facts *would be admissible at trial*, then those disputes might be properly considered on this motion. *Id*. ("[W]hen a district court is presented with evidence whose admissibility . . . is challenged [on summary judgment], evidentiary rulings are necessary for proper resolution."). However, complaining about hearsay from declarants who are competent to testify at trial, as here, is a waste of time and violative of Rule 56(c). Plaintiffs blew out of proportion their right to object, attempting to dissect Defendants' supporting affidavits line-by-line; and objecting under Federal Rules of Evidence 602 and 801 without considering exceptions to hearsay and the actual definition of hearsay contained in Rule 801. The Court would, in order to rule on each of these voluminous evidentiary disputes, be required to compare Plaintiffs' 30-pages of objections to Defendants' 43-pages of responses and cross-reference its rulings thereto with the facts as alleged in the parties' Rule 56.1 statements, themselves consisting of 66 pages—including a 56.1 Statement, Counterstatement, and Reply—each of which is deficient as to their primary purpose, as discussed *infra*. In reality, it would take less time to try this case from start to finish in front of a jury than it would to have the Court rule on 73 pages of evidentiary disputes. Federal Rule of Civil Procedure 56 does not contemplate this sort of endeavor and it is intended to do the exact opposite—"prevent vexation and delay, improve the machinery of justice, [and] promote the expeditious disposition of cases." 10A Wright, Miller & Kane, Fed. Prac. & Proc. Civ. § 2712. Implicit in the summary judgment evidentiary dispute rule is the recognition that

6

lawyers must engage the process as it was intended. The facts at issue on a motion for summary judgment are the facts associated with the burden of proof on the claim or defense at issue. Nothing more and nothing less. It may well be that the facts as presented are not necessarily in admissible form at the time of the motion. They do not have to be. There may indeed be additional facts that cannot be considered because they would not—under the circumstances associated with those facts—be admissible at trial. Those potentially inadmissible facts can then be disputed as either "admissible at trial" or not. In this case, the exception has swallowed the rule and is unworkable.

Moreover, submitting these evidentiary arguments as attachments to attorney declarations can easily be construed as a "thinly-veiled attempt to circumvent [Rule 4(H)] of this Court's Individual Practices, which limits memoranda of law in support of [and in opposition to] motions to twenty-five pages and reply to ten pages." *Khan v. Bd. of Directors of Pentegra Defined Contribution Plan*, No. 20-CV-07561, 2022 WL 861640, at *3-4 (S.D.N.Y. Mar. 23, 2022). The Court is, of course, entitled to disregard any arguments made in extraneous briefing. *See Clark v. City of New York*, No. 09-CV-02533, 2015 WL 5719612, at *1 (E.D.N.Y. Sept. 29, 2015) (disregarding the pages of a party's brief that exceeded the page limit under Court rules without the Court's prior approval); *Piazza v. Eckerd Corp.*, No. 02-CV-00043, 2003 WL 23350118, at *2 n.9 (W.D.N.Y. Aug. 22, 2003) (same). That result though, does not advance the ball for the litigants. To the extent the parties have legitimate evidentiary disputes for the Court to consider, they should, with their attorneys, meet and confer to limit and/or minimize them—like all other disputes—but certainly, they must be raised within the applicable page limits set by the Court's Individual Practices unless the Court permits otherwise. Had the parties notified the Court of this dispute, a different resolution mechanism would have been required; and not the one chosen by the parties herein.

II.     Compliance with Local Civil Rule 56.1

Local Civil Rule 56.1 provides for a "short and concise statement, in numbered paragraphs, of the material facts." A Rule 56.1 statement is intended to whittle down the *material facts* that the Court needs in order to adjudicate the motion. *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001) ("The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties."). Not all facts are material—"[a] fact is material if it tends to resolve any of the issues that have been properly raised by the parties." 10A Wright, Miller & Kane, Fed. Prac. & Proc. Civ. § 2725. Material facts either provide necessary background or are directly related to the elements of the claims for relief and/or defenses for which summary judgment is sought. The Rule 56.1 statement should provide a short and concise recitation of these material facts, with evidentiary support therein and when appropriate, genuine disagreements as to the truthfulness of the fact or denial identified. The Local Rule does not contemplate a free-for-all of adding irrelevant facts and facts unnecessary to the proper adjudication of a summary judgment motion. Nor does it contemplate creating more or less than an admission or a denial of the truth of the allegation for the purposes of the motion. The Local Rule contemplates the factual statement deemed admitted unless specifically controverted and supported by evidence which would be admissible at trial.

To the extent the truthfulness of material facts is challenged in a Rule 56.1 statement, that exercise becomes invaluable for the Court in spotting genuine disputes which would preclude summary judgment. However, where unauthorized objections to the Rule 56.1 statement are inserted concerning, for example, issues of admissibility under the Federal Rules of Evidence, a lack of foundation, or argumentative nature of the words used in the Rule 56.1 statement, the Court

is left without an answer to the question of truthfulness of the fact asserted as material—and ultimately what is disputed. To the extent that material facts are set forth in a Rule 56.1 statement and to which there is objection only on the basis of evidentiary admissibility, those statements should be deemed admitted, because "[a]n objection to the admissibility of a document is not the equivalent of a contention that the document's contents are untrue." *Major League Baseball Props., Inc. v. Salvino, Inc*., 542 F.3d 290, 314 (2d Cir. 2008); *see also Kesner v. Buhl*, -- F. Supp. 3d. --, 2022 WL 718840, at *9 (S.D.N.Y. Mar. 10, 2022) ("The portions of [Plaintiff's] 56.1 Statement [responses] that contain legal argument . . . are set aside."); *Farooqi v. New York Dep't of Educ*., No. 19-CV-03436, 2021 WL 1549981, at *1 n.1 (S.D.N.Y. Apr. 20, 2021) (Rule 56.1 statement "object[ion]s [only] based on [the] Federal Rule[s] of Evidence . . . with no further explanation [are] insufficient to create . . . issue[s] of material fact.").

In order to submit a Rule 56.1 statement that is useful to the Court, the parties should meet and confer to consider whether there are disputes as to the truthfulness of any material fact, and point out those disputes by denying them. The "material" facts are those material to the elements of the claims for relief or defenses at issue. The parties must then determine, in turn, whether there are any real disputes as to what *would be admissible at trial* and attempt to resolve those disputes in good faith, based on counsel's knowledge of the likely trial witnesses in the case, the rules of evidence associated therewith, and the topics to which those witnesses would be competent to testify. Only then will the Rule 56.1 statement submitted be a tool for and aid to the Court; and not a documentary noose around the neck of speedy and effective adjudication of a summary judgment motion.

The parties' Rule 56.1 submissions here make a mockery of the primary purpose of the

9

exercise and each of these rules, which is to set forth undisputed material facts for the Court's benefit to consider in adjudicating the motion. *Holtz*, 258 F.3d at 74. The parties refused to lower their adversarial armor, failed to set forth undisputed versions of events, and, in the process, ignored their mission on this motion. Indeed, the parties fail to lay out even the most basic, undisputed facts for the Court, including, *inter alia*, Plaintiffs' race, termination dates, or job responsibilities. The parties instead, in their briefing, cite directly to record evidence or to nothing at all for such factual propositions. (*See, e.g.,* Def. Br. at 1 (Plaintiffs' race); Pl. Br. at 7 (Emanuel's termination date)); *see also Genova v. Cty. of Nassau*, 851 F. App'x 241, 244 (2d Cir. 2021) ("[T]he district court is not required to consider what the parties fail to point out in their Local Rule 56.1 statements." (internal quotation omitted)). This failure violates Rule 56(c), Local Rule 56.1, and Rule 4(H)(i) of this Court's Individual Practices.

Rule 4(E)(vii) of this Court's Individual Practices also requires a Rule 56.1 statement to be submitted as a single document. Here, however, Plaintiffs filed a separate counterstatement of facts completely unrelated to the proper adjudication of this motion. Defendants also deemed it appropriate to file a 31-page "reply" to Plaintiffs' responses to its Rule 56.1 statement, replete with citations to case law and lengthy factual arguments. Such a 56.1 reply document is not authorized by Federal Rule of Civil Procedure 56 or Local Civil Rule 56.1 and is foreclosed by the Court's Individual Practices.[6]

---

[6] Defendants also failed to respond to Plaintiffs' Rule 56.1 Counterstatement. Under this Court's rules, a non-moving party's Rule 56.1 counterstatement must be contained in the same, single document that sets forth the movant's statement of undisputed facts and the non-moving party's responses. The movant, however, is obligated to respond to the counterstatement (within the same document) and, if it fails to do so, the Court could deem all the facts contained therein as admitted. *See Mirza v. Garnet Health*, No. 20-CV-00556, 2022 WL 826410, at *2 (S.D.N.Y. Mar. 17, 2022) ("[S]tatements in the 56.1 Counterstatement supported by admissible evidence and not refuted with citation to admissible evidence provided to the Court are deemed admitted." (quoting *Maersk Line A/S v. Carew*, No. 19-CV-04870, 2022 WL 602851, at *1 n.2 (S.D.N.Y. Mar. 1, 2022))).

The parties "cannot simply dump papers on the court and expect the court to sift through them to determine if some nugget is buried somewhere in that mountain." *Mirza*, 2022 WL 826410, at *2 n.6 (internal quotation omitted). The Court will, rather than delve through the parties' litany of submissions and determine which to disregard and which to consider, deny this motion without prejudice and give the parties an opportunity to re-submit their papers in accordance with the applicable rules stated herein.[7]

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is DENIED WITHOUT PREJUDICE. Should Defendants elect to re-file their motion for summary judgment, the parties shall meet and confer and file a single, proper, and complete Rule 56.1 statement—which includes Plaintiffs' responses, Plaintiffs' counterstatement (to the extent it sets forth needed and additional "material" facts), and Defendants' responses to same—by August 29, 2022. The parties are directed, in advance of that filing, to meet and confer to consider what of Defendants' summary judgment presentation "would be admissible at trial," and notify the Court of what, if any, evidentiary objections remain. The resultant Rule 56.1 statement shall comply with all applicable rules and shall be limited to the material facts associated with the claims for relief and defenses sought to be decided on by summary judgment. Upon filing a compliant Rule 56.1 statement, the Court will set an expedited briefing schedule for the filing of a substitute summary judgment motion. Should the Rule 56.1 statement fail to comply with the governing rules, permission to file a substitute motion will be denied, and the Court will thereafter set a schedule

---

[7] The Court notes that although this is Defendants' motion and some critique herein has been directed toward Plaintiffs' submissions, Plaintiffs' failures do not mandate the motion be granted. *See Pensionsversicherungsanstalt v. Greenblatt*, 556 Fed. App'x 23, 25 (2d Cir. 2014) ("[N]othing requires a district court to deem evidence admitted, or grant summary judgment, simply because a non-movant fails to comply with local rules such as Local Rule 56.1").

for the filing of all pretrial materials in accordance with Rules 6(A) and 6(B) of the Court's Individual Practices.

Should Defendants decline to re-file their motion, the parties shall meet and confer and comply with Rules 6(A) and 6(B) by filing the documents required therein on or before September 30, 2022.

The Clerk of Court is respectfully requested to terminate the motion sequence pending at Doc. 148.

Dated: White Plains, New York
       August 3, 2022

**SO ORDERED:**

_____
Philip M. Halpern
United States District Judge